FILED

2005 Mar-01  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD LAKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV 04-S-888-S** |
| | ) | |
| **STEVEN BULLARD, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 27, 2004,

recommending that plaintiff's Fourteenth Amendment due process claims against

defendants Williams, Eads, McSwain, Bullard, and Campbell, the underlying factual

basis of which are the same *i.e.,* the February 9, 2003, incident resulting in a

disciplinary infraction against plaintiff, be dismissed without prejudice.

The magistrate judge further recommended that all remaining claims against all

defendants be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2), with the

exception of the following claims, which the magistrate judge recommended be

referred to him for further proceedings:

1. Eighth Amendment medical care claims against defendants Nurse Smith and
Sgt. Tipton, with the underlying factual allegations stemming from their refusal to
seek medical attention for plaintiff between July 5, 2002, and July 8, 2002,

2.  Eighth Amendment medical care claims against defendant Pate, with the underlying factual basis for same being the February 2003, to July 2003, time period plaintiff waited for the removal of four of his teeth while his gums were bleeding and abscessed, and the continuing and ongoing denial and delay of dental care plaintiff has endured since July 2003, waiting for the remainder of his teeth to be extracted,

3.  First Amendment interference with prison mail by defendants Willis and Tew, and

4.  First Amendment retaliation claim against defendant Atchison, for intimidating plaintiff and his wife during visitation, because plaintiff grieved about Atchison's prior conduct.

Plaintiff filed objections to the report and recommendation on January 11, 2005.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED, with the exception of the recommendation pertaining to plaintiff's claim that defendants Tew and Spann interfered with his prison mail if they deemed same to be racial or political.  Thus, to the extent the magistrate judge recommended that said First Amendment claim be referred to him for further proceedings, said recommendation is REJECTED.  In doing so, the court specifically notes that plaintiff failed to provide any factual basis for his conclusory

---

[1]  (Document #6 and Exhibits to Document #7).  Almost all of plaintiff's exhibits are dated and/or pertain to incidents which were not made the basis of his complaint and/or occurred after plaintiff filed his complaint. Therefore, same are immaterial to the allegations in the complaint. Plaintiff must file a new 42 U.S.C. § 1983 complaint if he desires to pursue additional claims.

assertion that defendants Tew and Spann systematically interfere with mail belonging to him and deemed to be racial or political.  Thus, the First Amendment interference with prison mail claim against defendants Tew and Spann is due to be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

Accordingly, for the foregoing reasons,  plaintiff's:

1.  Fourteenth Amendment due process claims against defendants Williams, Eads, McSwain, Bullard, and Campbell, with the underlying factual basis of same being the February 9, 2003, incident resulting in a disciplinary infraction against plaintiff, are due to be DISMISSED WITHOUT PREJUDICE.

Moreover, all remaining claims against all defendants are due to be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2), with the exception of the following claims, which are due to be REFERRED to the magistrate judge for further proceedings:

1. Eighth Amendment medical care claims against defendants Nurse Smith and Sgt. Tipton, with the underlying factual allegations stemming from their refusal to seek medical attention for plaintiff between July 5, 2002, and July 8, 2002,

2.  Eighth Amendment medical claims against defendant Pate, with the underlying factual basis for same being the February 2003, to July 2003, time period plaintiff waited for the removal of four of his teeth while his gums were bleeding and abscessed, and the continuing and ongoing denial and delay of dental care plaintiff has endured since July 2003, waiting for the remainder of his teeth to be extracted, and

3.  First Amendment retaliation claim against defendant Atchison, for intimidating plaintiff and his wife during visitation, because plaintiff grieved about Atchison's prior conduct.

An appropriate order will be entered.

DONE this 28th day of February, 2005.

_____
United States District Judge